## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **TRILOGY ENTERPRISES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.: 6:19-cv-00199** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TRILOGY EDUCATION SERVICES,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff, TRILOGY ENTERPRISES, INC. ("Plaintiff" or "Trilogy"), by and through undersigned counsel, sues Defendant, TRILOGY EDUCATION SERVICES, INC. ("Defendant" or "Trilogy Education"), and alleges as follows:

## THE PARTIES

1.      Plaintiff, Trilogy, is a Delaware corporation with its principal place of business at 401 Congress Avenue, Suite 2650, Austin, Texas 78701.

2.      Upon information and belief, Defendant Trilogy Education, is a Delaware corporation with its principal place of business in New York, New York, but conducts business in Austin, Texas, including at the University of Texas in Austin.

## Jurisdiction and Venue

3.      This is an action for, among other things, trademark infringement under 15 U.S.C. § 1051, *et seq.* and for other related claims and causes of action.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

1

5.      The state law claims asserted herein are so related to those over which this Court has original jurisdiction as to form part of the same case or controversy.  Therefore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein.

6.      This Court has personal jurisdiction over Trilogy Education because it operates, conducts, engages in, and carries on a business in Texas, including within this judicial district, has purposefully availed itself of the privilege of conducting activities in Texas, and committed a tortious act within Texas, including within this judicial district.

7.      Among other things, Trilogy Education offers technology and software educational based courses.

8.      Upon information and belief, Trilogy Education has partnered with various universities, including the University of Texas at Austin, to offer its courses.  Specifically, at the University of Texas at Austin Center for Professional Education, Trilogy Education offers at least a program for a coding curriculum.  See webpages attached hereto as **Exhibit "A"** from the University   of   Texas   at   Austin   Center   for   Professional   Education, https://professionaled.utexas.edu/coding-boot-camp-certificate-program                    and https://techbootcamps.utexas.edu/coding/, reflecting a Trilogy Education coding boot camp course and including language stating "This course is offered in partnership with Trilogy Education Services" and "In collaboration with Trilogy Education Services Inc." at the bottom of the page). Trilogy Education's website located at www.trilogyed.com also advertises that it partners with the University of Texas.

9.      Thus, this Court's exercise of personal jurisdiction over Trilogy Education is consistent with the Constitution of the United States and Tex. Civ. Prac. & Rem. Code § 17.042.

10.     Venue is proper in the United States District Court for the Western District of Texas pursuant to at least 28 U.S.C. §§ 1391(b)(2).

### General Allegations

A.      **The TRILOGY Marks.**

11.     Trilogy owns and operates a global information management technology company that provides software and software development, design and information management consultation services ("Trilogy Goods and Services"). Trilogy's services range from turnkey solutions to custom solutions in a variety of product categories and across a wide variety of industry sectors.

12.     Trilogy markets, sells, and provides its Trilogy Goods and Services in interstate commerce in connection with and in association with its "TRILOGY" word and design marks (the "Marks" or the "TRILOGY Marks"). Trilogy also uses the TRILOGY mark as its trade name and in the domain name for its website, www.trilogy.com.

13.     Trilogy has been continuously using its TRILOGY Marks since at least as early as June 30, 1989 and has acquired substantial common law rights in and to the TRILOGY Marks by virtue of that continuous and ongoing usage.

14.     In addition to substantial common law rights, Trilogy owns and holds several U.S. trademark registrations for the TRILOGY Marks, including:

a.      U.S. Trademark Registration No. 2,401,182 (the "'182 Registration"), registered on November 7, 2000, for TRILOGY and design in International Class 35 for "business consultation services in the fields of business process redesign, information management, strategic planning and productivity analysis." The '182 Registration constitutes evidence of the validity of the TRILOGY and design mark

3

and of registration of the TRILOGY and design mark. A true and correct copy of the Certificate of the '182 Registration is attached hereto as **Exhibit "B"**;

b.     Registration No. 2,437,801 (the "'801 Registration"), registered on March 27, 2001, for TRILOGY in International Class 009 for "computer software used to configure, quote prices for, and formulate orders for products, process and services, and user manuals all sold as a unit" and in International Class 42 for "computer software design for others." The '801 Registration constitutes evidence of the validity of the TRILOGY Mark and of registration of the TRILOGY Mark. A true and correct copy of the Certificate of the '801 Registration is attached hereto as **Exhibit "C"**; and

c.     Registration No. 3,460,478 (the "'478 Registration"), registered on July 8, 2008, for TRILOGY and design in International Class 35 for "providing business, management, and business administration information, advice and consultation; providing business, management, and business administration information, advice and consultation online." The '478 Registration constitutes evidence of the validity of the TRILOGY and design mark and of registration of the TRILOGY and design mark. A true and correct copy of the Certificate of the '478 Registration is attached hereto as **Exhibit "D."**

15.     Trilogy was the first and sole owner and user in the United States of the TRILOGY Marks, as well as of the trade name "Trilogy," and has acquired legal rights in and to the TRILOGY Marks and trade name by virtue of that continuous and ongoing usage.

16.     Since at least as early as 1989, Trilogy has extensively marketed the TRILOGY Goods and Services using the TRILOGY Marks. As such, the TRILOGY Marks have acquired

valuable goodwill and fame throughout Texas and the United States. Additionally, Trilogy has been continuously using the TRILOGY Marks since at least as early as 1989 in interstate commerce in connection with the Trilogy Goods and Services, including extensive advertising, marketing, promotion, and sales such that consumers know and recognize the TRILOGY Marks, and associate them distinctly with Trilogy and the high quality software, products and services that Trilogy markets, sells and provides.

17.    As a result of Trilogy's substantial and significant ongoing advertising, marketing, and promotional efforts, Trilogy's use of the TRILOGY Marks, the geographical scope in which Trilogy uses and promotes the TRILOGY Marks, and the high degree of consumer recognition, the TRILOGY Marks have acquired secondary meaning, have become well-known and famous in the software and information technology management industry, and have acquired extremely valuable goodwill such that the public associates the TRILOGY Marks with Trilogy and as the source for high quality software and information technology management services.

**B**.    **Trilogy Education's Infringement of the TRILOGY Mark.**

18.    Upon information and belief, Trilogy Education has been and is using, without authorization from Trilogy, one or more infringing versions of the TRILOGY marks (the "Infringing Mark" or "Infringing TRILOGY Mark"), including as part of the mark TRILOGY EDUCATION SERVICES, in connection with training in user interface design and user experience design for software, web development and technology (the "Infringing Services"). Trilogy Education also uses the Infringing TRILOGY Mark as part of its trade name and in the domain name for its website, trilogyed.com.

19.     Upon information and belief, such use includes Trilogy Education's offering of technology and software educational based courses, such as those offered at the University of Texas at Austin Center for Professional Education.

20.     Trilogy Education's Infringing TRILOGY Mark is identical to Trilogy's TRILOGY Marks.

21.     However, Trilogy's use of the TRILOGY Marks predates Trilogy Education's use of the Infringing TRILOGY Marks in all geographic areas of the United States. Trilogy began using its TRILOGY Marks in 1989 but, upon information and belief, Trilogy Education did not begin use of its Infringing Mark until at least some point in 2015 or later, years after the time that Trilogy began use of its TRILOGY Marks.

22.     Trilogy Education is competing with Trilogy by marketing, selling, and providing services that are substantially similar to Trilogy's Goods and Services, namely goods and services relating to software, development, technology, and training/consultation.

23.     Trilogy Education's unauthorized use of the Infringing TRILOGY Mark in connection with the Infringing Services has caused or is likely to cause confusion, mistake, or deception among consumers as to the source, origin, nature, quality, or sponsorship of such services. The consuming public is likely to believe that Trilogy Education's use of the Infringing TRILOGY Mark is authorized by Trilogy when such is not the case.

24.     Moreover, Trilogy Education's unauthorized use of the Infringing Mark has allowed Trilogy Education to use, trade off of, and benefit from Trilogy and its TRILOGY Marks' valuable goodwill. Such unauthorized use has also injured or is also likely to injure the reputation and goodwill associated with Trilogy and its TRILOGY Marks.

25.     On July 23, 2018, Trilogy sent Trilogy Education a letter demanding that Trilogy Education cease and desist its use of the Infringing TRILOGY Mark.

26.     To date, Trilogy Education has not stopped using the Infringing TRILOGY Marks.

27.     Trilogy Education was, upon information and belief, at all material times, aware of Trilogy and its TRILOGY Marks. Trilogy is famous and well-known throughout Texas and the United States.  Trilogy Education's unauthorized use of the Infringing Mark is willful and intentional and likely intended as an effort to trade off of Trilogy's goodwill and reputation.

28.     All conditions precedent to the filing of this action have been fulfilled or waived.

29.     Trilogy has retained the undersigned counsel to represent it in this action and is obligated to pay undersigned counsel's reasonable attorneys' fees, which fees, together with costs, Trilogy is entitled to recover from Trilogy Education pursuant to at least 15 U.S.C. § 1117.

<u>**COUNT I**</u>
<u>**Trademark Infringement under 15 U.S.C. § 1114(1)**</u>

30.     Trilogy re-alleges and re-avers paragraphs 1-29 as though fully set forth herein.

31.     This is an action for trademark infringement under 15 U.S.C. § 1114(1).

32.     Trilogy is the owner of the '182, '801 and '478 Registrations for the TRILOGY Marks.

33.     Trilogy Education's unauthorized use of the Infringing TRILOGY Mark in doing business and in connection with the Infringing Services, as well as use of the Infringing Mark in advertising and promotional materials, has caused and/or is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, nature, quality, or sponsorship of such services or as to the affiliation, connection or association of Trilogy Education with Trilogy.  The consuming public is likely to believe that Trilogy Education's use of the

Infringing TRILOGY Mark in connection with its Infringing Services is authorized, licensed, or sponsored by Trilogy when such is not the case.

34.     Trilogy Education's use of the Infringing Mark constitutes trademark infringement under 15 U.S.C. § 1114(1).

35.     As a proximate result of Trilogy Education's actions, Trilogy has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its TRILOGY Marks.  The injury to Trilogy is substantial, ongoing, continuous and irreparable.  A monetary award of damages alone cannot fully compensate Trilogy for its damages caused by Trilogy Education, and Trilogy lacks an adequate remedy at law.

36.     The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

37.     Trilogy is entitled to temporary and permanent injunctions against Trilogy Education, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of Trilogy Education's profits, and costs and attorneys' fees.

## COUNT II
## Trademark Infringement under 15 U.S.C. § 1125

38.     Trilogy re-alleges and re-avers paragraphs 1-37 as though fully set forth herein.

39.     Trilogy owns and holds common law rights in and to the TRILOGY Marks throughout Texas and the United States based on its continuous use of the TRILOGY Mark since 1989.  Trilogy has extensively marketed and promoted the TRILOGY Marks such that consumers know and recognize the TRILOGY Marks and associate them distinctly with Trilogy and the high quality software and services that Trilogy markets, sells and provides.  As a result, the TRILOGY Marks have acquired valuable good will and fame throughout Texas and the United States.

40.     Trilogy Education's unauthorized use of the Infringing Mark in Texas and other geographical areas throughout the United States in doing business and in connection with the Infringing Services, as well as use of the Infringing Mark in advertising and promotional materials, has caused and/or is likely to continue to cause, confusion, mistake or deception among consumers as to the source, origin, or sponsorship of such services or as to the affiliation, connection or association of Trilogy Education with Trilogy.  The consuming public is likely to believe that Trilogy Education's Infringing Services are authorized, licensed, or sponsored by Trilogy when such is not the case.

41.     Trilogy Education's use of the Infringing TRILOGY Mark constitutes infringement of Trilogy's valid and subsisting common law rights in the TRILOGY Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

42.     As a proximate result of Trilogy Education's actions, Trilogy has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits and strength of its TRILOGY Marks.  The injury to Trilogy is ongoing, continuous and irreparable.  A monetary award of damages alone cannot fully compensate Trilogy for its damages caused by Trilogy Education, and Trilogy lacks an adequate remedy at law.

43.     The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

44.     Trilogy is entitled to temporary and permanent injunctions against Trilogy Education, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of Trilogy Education's profits, and costs and attorneys' fees, in an amount to be determined at trial.

## <u>COUNT III</u>
### <u>False Association under 15 U.S.C. § 1125(a)</u>

45.     Trilogy re-alleges and re-avers paragraphs 1-44 as though fully set forth herein.

46.     Trilogy Education's unauthorized use of the Infringing TRILOGY Mark in connection with Infringing Services is likely to cause confusion, mistake or deception among consumers as to the source, origin, sponsorship or approval of Trilogy Education's Infringing Services in that consumers or others are likely to believe that Trilogy Education is associated with, connected to, affiliated with or related to Trilogy or that Trilogy authorizes, licenses, sponsors and/or controls the sale of Trilogy Education's Infringing Services when such is not the case.

47.     Trilogy Education's actions, as alleged herein, falsely suggest a connection with Trilogy and constitute false association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     The foregoing acts have been and continue to be deliberate, willful and wanton.

49.     As a direct and proximate result of Trilogy Education's actions, Trilogy has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits and strength of its TRILOGY Marks.  The injury to Trilogy is ongoing, continuous and irreparable.

50.     A monetary award of damages alone cannot fully compensate Trilogy for its damages caused by Trilogy Education, and Trilogy lacks an adequate remedy at law. Accordingly, Trilogy is entitled to an order preliminarily and permanently enjoining and restraining Trilogy Education from using the TRILOGY Marks, the Infringing Mark and/or any confusingly similar variation thereof.

51.     Additionally, as a result of Trilogy Education's actions described herein and pursuant to 15 U.S.C. § 1117(a), Trilogy is entitled to and should be awarded Trilogy Education's profits, any damages sustained by Trilogy, and the costs of this action, in amounts to be determined

at trial, as well as other available remedies, including, attorneys' fees, in an amount to be determined at trial.

## COUNT IV
## False Designation of Origin under 15 U.S.C. § 1125(a)

52.     Trilogy re-alleges and re-avers paragraphs 1-51 as though fully set forth herein.

53.     The TRILOGY Marks are distinctive marks and have become associated with Trilogy and, thus, exclusively identify Trilogy's business, goods and services.

54.     Because of Trilogy Education's wrongful use of the Infringing TRILOGY Mark, consumers and customers are deceptively led to believe that Trilogy Education's Infringing Services originate with, are sponsored by, or otherwise approved by Trilogy in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause consumers to believe that the TRILOGY Marks are generic, thus destroying the goodwill and value Trilogy has built in and with the TRILOGY Marks.

55.     The foregoing acts and conduct by Trilogy Education constitute false designation of origin, passing off and false advertising in connection with goods and services distributed in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     As a proximate result of Trilogy Education's actions, Trilogy has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits and strength of its TRILOGY Marks. The injury to Trilogy is ongoing, continuous, and irreparable.  A monetary award of damages alone cannot fully compensate Trilogy for its damages caused by Trilogy Education, and Trilogy lacks an adequate remedy at law.

57.     Trilogy is entitled to temporary and permanent injunctions against Trilogy Education, as well as all other remedies available under the Lanham Act including, but not limited

to, compensatory damages, treble damages, disgorgement of Trilogy Education's profits, and costs and attorneys' fees, in an amount to be determined at trial.

## COUNT V
### Unfair Competition under Texas Common Law

58.     Trilogy re-alleges and re-avers paragraphs 1-57 as though fully set forth herein.

59.     Trilogy first adopted and used the TRILOGY Marks throughout Texas and interstate commerce in marketing, advertising and sales to identify Trilogy as the source of high quality software and business consultation services in information management.  Consumers associate the origin of the Trilogy Goods and Services under its TRILOGY Marks as being provided and sold by Trilogy.

60.     Trilogy Education is competing with Trilogy in the same geographical markets and/or geographical areas of the United States.

61.     Trilogy Education is using the Infringing Mark, infringing trade name and infringing domain name without authorization, in commerce in connection with the sale, offering for sale and/or advertising of its Infringing Services as set forth above.

62.     Trilogy Education's unauthorized use of the Infringing Mark, Infringing Domain and Infringing Website is causing or is likely to cause customer confusion as to the origin, sponsorship or approval of Trilogy Education's Services.

63.     Moreover, Trilogy Education's unauthorized use of the Infringing Mark has allowed Trilogy Education to use, trade off of and benefit from Trilogy and its TRILOGY Marks' valuable goodwill.

64.     Trilogy Education is engaging in unfair acts of competition in violation of Texas law and have infringed Trilogy's trademark rights in the TRILOGY Marks.

65.     Trilogy Education's use of the Infringing Mark is causing and will continue to cause substantial damage to Trilogy including, but not limited to, irreparable harm.  Trilogy has no adequate remedy at law.

66.     Trilogy is entitled to a temporary and permanent injunction against Trilogy Education, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of Trilogy Education's profits, and costs and attorneys' fees, in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TRILOGY ENTERPRISES, INC., prays for judgment against Defendant, TRILOGY EDUCATION SERVICES, INC., as follows:

A.     Finding Defendant liable for infringement of the TRILOGY Marks and otherwise liable for the actions and claims described herein;

B.     For temporary and permanent injunctive relief enjoining Defendant and its respective officers, employees, and agents, and all persons or entities in active concert or participation with Defendant, from:

       i.     using the TRILOGY Marks or the Infringing TRILOGY Mark, whether alone or in combination with other words or elements, or any other formative variations thereof or any mark confusingly similar to the TRILOGY Marks, in marketing, advertising, selling and/or providing any of Defendant's goods and services, including on or in courses, programs, training, interface design, user experience design, software, web development, buildings, signage, product labels, websites, source identifiers, on the

internet, as or in domain names, email addresses, meta tags, keywords, search engines, Google AdWords, computer source coding, or invisible data;

ii.    falsely designating the origin of the TRILOGY Marks or otherwise creating a false association with Trilogy;

iii.    injuring Trilogy's goodwill and reputation; and

iv.    doing any other act or thing that would likely induce the belief that Defendant's services are in anyway connected with or sponsored, affiliated, approved, licensed or endorsed by Trilogy or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with Trilogy.

C.    Ordering that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Trilogy within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

D.    Ordering Defendant to destroy all goods and services bearing the Infringing TRILOGY Mark, and all documents and materials, including boxes, packaging, stationary, letterhead, business forms, business cards, statements, invoices, signage, webpages, brochures, pamphlets, and advertising and marketing materials bearing the Infringing TRILOGY Mark in accordance with 15 U.S.C. § 1118;

E.    Ordering Defendant to account for all profits derived from Defendant's unlawful use of the Infringing TRILOGY Mark in accordance with 15 U.S.C. § 1117(a);

F.    Ordering Defendant to pay Trilogy monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendant's profits plus damages sustained by Trilogy as a result of Defendant's wrongful actions;

14

G.      Ordering Defendant to pay Trilogy three times Defendant's profits made as a result of Defendant's wrongful actions or three times Trilogy's damages, whichever is greater;

H.      Finding that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a), 1117(b) and 1125(c), trebling any damages awarded to Trilogy due to Defendant's willful and intentional acts of trademark infringement, false association, false designation of origin, and unfair competition and awarding exemplary damages for Defendant's willful and intentional acts;

I.      Awarding Trilogy its reasonable attorneys' fees and costs incurred in connection with this action;

J.      Enjoining Defendant from registering and/or purchasing any other domain name that contains terms that are confusingly similar to the TRILOGY Marks, the Infringing TRILOGY Mark, or any formative variations thereof;

K.      For prejudgment interest according to law;

L.      Finding that Trilogy is entitled to recover its costs of Court; and

M.      For such other and further relief the Court deems just and proper.


Dated: March 8, 2019                          Respectfully submitted,

                                              **PILLSBURY WINTHROP SHAW PITTMAN LLP**

                                              */s/ Michael Chibib*
                                              Michael Chibib
                                              Texas Bar No. 00793497
                                              michael.chibib@pillsburylaw.com
                                              401 Congress Avenue, Suite 1700
                                              Austin, Texas 78701
                                              Telephone:  (512) 580-9609
                                              Facsimile:  (512) 580-9601

                                              *Attorney for Plaintiff Trilogy Enterprises, Inc.*